UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Jill S. G.[1],

                              Plaintiff,

v.                                                    CASE # 19-cv-01103

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

LAW OFFICES OF KENNETH HILLER                         CORINNE MARIE
  Counsel for Plaintiff                               MANFREDI, ESQ.
6000 North Bailey Ave                                 KENNETH R. HILLER, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                           MICHAEL ARLEN
OFFICE OF REG'L GEN. COUNSEL – REGION II              THOMAS, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the
undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter
is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant
to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record
and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative

---

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-
governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born on August 1, 1988 and has at least a high school education. (Tr. 195, 202). Generally, plaintiff's alleged disability consists of back injury, depression, and acid reflux. (Tr. 194). Her alleged onset date of disability is March 10, 2016. (Tr. 202). Her date last insured is December 31, 2020. (*Id.*).

### B.   Procedural History

On May 10, 2016, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 178). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On July 2, 2018 plaintiff appeared before the ALJ, Asad Ba-Yunus. (Tr. 25-102). On August 30, 2018, ALJ Ba-Yunus issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 7-19). On June 24, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since March 10, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*)

3. The claimant has the following severe impairments: herniated lumbar discs, depression, PTSD, and generalized anxiety. (20 CFR 44.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she may only occasionally stoop, kneel, crawl, and climb ladders, ropes and scaffolds. Additionally, the claimant is limited to unskilled, simple routine tasks. She may only have minimal, brief, and superficial interaction with supervisors, coworkers, and the general public, is unable to work in close proximity to coworkers, and can tolerate only occasional changes to a routine work setting.

6. The claimant is unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on August 1, 1988 and was 27 years old, which is defined as a younger individual on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material because using the Medical-Vocational Rules as a framework supports that the claimant is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 10, 2016, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 7-19).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff argues the RFC determination is a product of the ALJ's lay judgment and is not supported by substantial evidence. (Dkt. No. 10 at 1 [Pl.'s Mem. of Law]).

### B.     Defendant's Arguments

In response, defendant argues the ALJ reasonably assessed plaintiff's physical RFC. (Dkt. No. 12 at 9 [Def.'s Mem. of Law]). Defendant contends the ALJ reasonably evaluated the medical source opinions and that the absence of a medical opinion directly supporting the RFC does not warrant remand. (Dkt. No. 12 at 16, 22).

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

As acknowledged by both parties, this file contains a number of medical source opinions and statements from other sources. Under the regulations applicable to this case[2], the agency must evaluate every "medical opinion" that it receives. *See* 20 C.F.R. § 404.1527(c). "Medical opinions" are "[s]tatements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite [your] impairment(s), and your physical or mental restrictions." *Id.* § 404.1527(a)(1).

In his decision, the ALJ referenced a number of both medical source opinions and statements from other sources pertaining to plaintiff's physical impairments and lumped them together stating they were given "significant weight because they are generally consistent and relevant to the period in which the opinions were expressed and tend to correlate to the claimant's period of surgical rehabilitation." (Tr. 19). The following medical notations were referenced in the decision but unfortunately not consistently identified by provider or title:

- 3/4/16 Restrictive Duty Assignment completed at Pulse Occupational Medicine (expires in 7-10 days) – bending, stooping and twisting as tolerated; pushing, pulling, lifting, carrying 15 pounds; vary position as needed. 25% Temporary Disability. (Tr. 289).
- 4/20/16 Certificate for Work signed by Dr. Fiskin – no bending or twisting at the waist; no lifting greater than 10 pounds; no sitting for greater than one hour, without a five minute break. 50% temporary impairment. (Tr. 458).

---

[2] New regulations regarding the evaluation of medical evidence and rescission of SSRs 96-2p, 96-5p, 96-6p, 06-03p, took effect on March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). Because Plaintiff applied for DIB in March 2016 (Tr. 178-79), the prior regulations regarding the evaluation of medical evidence found at 20 C.F.R. § 404.1527 apply. *See id.*

- 5/3/16 Certificate for Work signed by Krystle Collins, FNP-BC – Out of work. 100% temporary impairment. (Tr. 512).
- 3/18/16 Disability Statement by Scott Croce, D.C, P.C. – avoid lifting/carrying/pushing/pulling over 15-20 pounds; avoid standing/walking 1-2 hours; avoid repetitive bending, stooping, twisting, squatting, pushing, pulling. (Tr. 385).
- 4/20/16 Disability Statement by Scott Croce, D.C., P.C. – total disability until 4/28/16. (Tr. 386).
- 4/28/16 Disability Statement by Scott Croce, D.C., P.C. – total disability until 5/26/16. (Tr. 387).
- 5/26/16 Disability Statement by Scott Croce, D.C., P.C. – total disability until 6/23/16. (Tr. 387).
- 07/05/16 Internal Consultative Exam by Hongbiao Liu, M.D. – mild to moderate limitation for prolonged walking, bending, and kneeling. (Tr. 467).[3]

In his decision the ALJ states the above opinions and assessments were given significant weight while defendant counters that the ALJ meant only for the time at which they were issued due to the subsequent surgical intervention. Indeed, plaintiff did undergo a lumbar discectomy on July 14, 2016 but the ALJ's consideration of the opinions and statements is an insufficient basis for an RFC finding. It is unclear how he formulated the RFC after the surgery and subsequent imaging of a broad-based disc bulging at L5-S1, with a large disc herniation above L4-5 causing severe central and recess narrowing. (Tr. 372, 582). While 20 C.F.R. § 404.1527 provides a number of factors that an ALJ considers when evaluating medical opinions, an ALJ does not have to explicitly walk through each of these factors, so long as the Court can conclude that he applied the substance of the regulations and appropriately set forth the rationale for the weight given to the opinions. *Hall v. Colvin*, 37 F. Supp. 3d 614, 625 (W.D.N.Y. 2014). In this case, it is not clear that the ALJ appropriately considered the opinions and statements as required by the regulations.

Defendant is correct that conclusory statements that claimant cannot work or is disabled are not medical opinions at all, but administrative findings reserved to the Commissioner. *See* 20

---

[3] For clarification purposes, the Court has included the identification of the provider or title and date.

C.F.R. § 404.1527(d)(1)-(3) (treating source opinions on issues that are reserved to the Commissioner are never entitled to any special significance); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that [plaintiff] is disabled cannot itself be determinative."). The ALJ however did not make that distinction in his decision and it is unclear if and how he considered those statements. Similarly, the ALJ did not identify treating chiropractor Mr. Croce as a non-acceptable medical source, just as the treating chiropractor. There are five categories of "acceptable medical sources." 20 C.F.R. §§ 404.1513(a). Chiropractors are not included within those categories but listed among the "other medical sources," whose opinion may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight. 20 C.F.R. §§ 404.1513(d)(1).

The ALJ also misstates the timing of the opinion from consultative examiner Dr. Liu implying that it post-dated the surgery. The ALJ discussed post-operative findings and stated the consultative examination "likewise" noted few findings. (Tr. 14). However, Dr. Liu clearly states the low back surgery was pending the following week. (Tr. 464). Nonetheless, it was prior to the surgery and there were musculoskeletal findings of reduced lumbar spine flexion/extension, lateral flexion, rotary movement bilaterally, and positive straight leg raise in both supine and sitting positions. (Tr. 466). Left leg sensation was decreased compared to the right as well. (*Id*.). Administrative law judges are entitled to resolve conflicts in the record, but their discretion is not so wide as to permit them to pick and choose only evidence that supports a particular conclusion. *See Smith v. Bowen,* 687 F.Supp. 902, 904 (S.D.N.Y.1988) (citing *Fiorello v. Heckler,* 725 F.2d 174, 175–76 (2d Cir.1983)); *see also Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir.2011); *Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir.2004).

Similarly, the ALJ continued to pick and choose from the evidence, focusing on various neutral or benign findings. (Tr. 15). He acknowledged an updated lumbar MRI in May 2017 that revealed moderate central disc herniation as being slightly increased in size as compared to the April 2016 MRI (Tr. 15) but did not address the February 2018 imaging broad-based disc bulging at L5-S1, with a large disc herniation above L4-5 causing severe central and recess narrowing. (Tr. 582). The ALJ stated there was still "some levels of positive straight leg raising" and mild pain with range of motion but concluded the physical examinations never wavered, including a workers' compensation disability evaluation by neurosurgeon Eric Roger, M.D., in February 2018. (Tr. 15). However, Dr. Roger's exam findings included the claimant had mild difficulty standing from a seated position, slight decreased sensation to light touch in the lower left extremity in addition to the positive straight leg raise. (Tr. 581).

There is no question that one can examine a complicated medical record such as this one and pick out certain days or certain finding which reflect progress or a reduction in symptomology. But "cherry picking" evidence to support a disability determination is error and not a fair assessment of the record. *See Phelps v. Colvin*, No. 12-CV-976S, 2014 WL 122189, at*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and brackets omitted); *Caternolo v. Astrue*, No. 6:ll-CV-660l(MAT), 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.")(internal quotations omitted) (collecting cases).

Dr. Roger opined plaintiff should only lift/carry 10 pounds occasionally, 5 pounds frequently, and 1-2 pounds constantly, and that she can occasionally push/pull 50 pounds. (Tr.

582). Dr. Roger also stated plaintiff should only occasionally sit, stand, and walk, never to occasionally climb, bend, stoop, squat, and never kneel. (Tr. 582). The only part of the opinion cited by the ALJ however was Dr. Roger's conclusion that plaintiff can perform less than the range of sedentary work. (Tr. 15, 583). The ALJ confusingly states "higher value is placed upon the reported physical findings than is provided to the conclusions" because they do not correlate to the reduction in functioning and inconsistencies. The ALJ never states what weight is accorded to the opinion of Dr. Roger but relies on the findings, which were not fully discussed in decision. Further, he never discussed the function by function findings by Dr. Roger, but just the conclusion. Due to the cherry picking of evidence from the exam and citing that her gait has been documented as normal is not sufficient to describe the rationale used by the ALJ to ensure proper application of the regulatory factors when considering opinion evidence. *Curtis v. Colvin*, 11-CV-1001, 2013 WL 3327957, at *5 (N.D.N.Y. July 2, 2013) ("despite the lack of specific weight assigned to the opinions, the court is able to discern with ease the ALJ's reasoning, and his treatment of that evidence will not be disturbed.").

The ALJ was also summarily dismissive with the January 2018 Functional Capacity Evaluation by Joseph Higgins, OT/L, noting only the conclusion that plaintiff's abilities were assessed at below sedentary work while grouping it with the confusing rationale discussed above from Dr. Roger. (Tr. 15). Although stating generally the findings did not support the conclusion, during that examination, there was decreased range of motion in the lower back, radicular signs when mobilizing the left hip, and normal gait but with pain guarding to the left side. (Tr. 640). Functionally, it was opined she could sit for 30-40 minutes in one session, walk 10-12 minutes, stand 15 minutes and lift and carry 10 pounds. (*Id*.). Defendant argues the ALJ did not need to evaluate the statements from Mr. Higgins as he was not an acceptable medical source. (Dkt. No.

12 at 20). As discussed above, the ALJ did not assign any weight to the statement but stated "higher value is placed upon the reported physical findings than is provided to the conclusions".

To be sure, Mr. Higgins is not an acceptable medical source, however, the ALJ did not properly apply the factors relevant to determining the weight of other medical sources pursuant to Social Security Ruling 06-03 which provides that "medical sources who are not 'acceptable medical sources'... have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under the rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06–03p; Titles II and XVI: Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 71 Fed. Reg. 45593 (Aug. 9, 2006) (hereafter SSR 06–03). In deciding how much weight to grant such an opinion, the ALJ must consider the following factors: how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment(s), and any other factors that tend to support or refute the opinion. SSR 06–03. The ALJ fails to do any of this despite Mr. Higgins' specialization in precisely this type of evaluation as occupational therapists are commonly identified as experts in occupational functioning and receive a license from state authorities for this purpose. (Tr. 640-643). The opinion was also supported by the extensive physical examination which the ALJ said were considered. The ALJ improperly discredited Mr.

Higgins' evaluation., and instead relied on singular findings of a normal gait from other exams and non-medical information about the plaintiff's daily habits to draw inferences on her functional abilities.

The ALJ stated he relied on the reported physical findings of Dr Rogers and Mr. Higgins in developing the RFC but both statements indicate findings that the ALJ interpreted differently than the examiners. It is improper for an ALJ to compile an RFC determination based on his lay assessment and judgment of the bare medical evidence of record. "[A]n ALJ is not a medical professional, and 'is not qualified to assess a claimant's RFC on the basis of bare medical findings.'" *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 416 (W.D.N.Y. 2019) (quoting *Ortiz v. Colvin*, 298 F.Supp.3d 581, 586 (W.D.N.Y. 2018)); *see also Gamblin v. Comm'r of Soc. Sec.*, No. 17-CV-1334-MJR, 2019 WL 1856261, at *4 (W.D.N.Y. Apr. 25, 2019); *Pitts v. Berryhill*, No. 17-CV-923, 2019 WL 1577983, at *6 (W.D.N.Y. Apr. 12, 2019) ("It is unclear to this Court how the ALJ, who is not a medical professional, came to the conclusion that the plaintiff could perform sedentary work with additional limitations and did not need to elevate her legs as her treating physician suggested.").

The ALJ unfortunately picked and chose parts of physical exams to justify medical improvement and his RFC conclusion while failing to clearly state how he treated the medical opinion evidence and statements from other sources. For the reasons set forth above, the ALJ's RFC determination was simply not supported by substantial evidence in the record. *See Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) ("While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source.") (internal quotation

and citation omitted); *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

Plaintiff has also argued the ALJ's treatment of mental opinions and statements of record was inadequate. The ALJ made similar errors in not discussing opinions from treating therapists and considering the statements in accordance with SSR 06-03. It is unclear from the analysis in the opinion but he appears to erroneously rely on the GAF scores as a good reason to dismiss the treating therapist opinions[4].GAF scores may be relevant to an ALJ's severity and RFC determinations, although they are "intended to be used to make treatment decisions ... and not disability determinations." *Henry v. Colvin,* 2014 WL 652945, *4 (W.D.N.Y.2014) (internal quotations and citations omitted). Due to the ALJ's failure to properly consider the therapist opinions under SSR 06-03 it is unclear whether the GAF score was properly used to discredit the medical statements. *Carton v. Colvin,* 2014 WL 108597, *14–15 (D.Conn.2014) (ALJ improperly discounted treating source opinion on the grounds that "the finding of such extreme difficulties is patently inconsistent with [the doctor's] own assessment of a GAF of 55"; "the ALJ erred in relying on the GAF score as an indicat[ion] of the severity of the plaintiff's mental impairment") (internal quotation omitted). Although remand is necessary for the proper consideration of medical opinions and statements pertaining to physical impairments, it is also appropriate for similar errors which occurred in the analysis of statements about plaintiff's mental health impairments.

---

[4] "[A]lthough GAF ratings have been removed from the DSM-5, the agency continues to receive and consider GAF ratings when evaluating the medical evidence and has provided guidance to ALJs on how to evaluate GAF ratings. For claims filed prior to March 27, 2017, the agency considers GAF ratings to be opinion evidence and ALJs are to evaluate the ratings as provided in the applicable regulations." Szefler v. Comm'r of Soc. Sec., No. 1:18-CV-668, 2019 WL 4168538, at *8 (W.D.N.Y. Sept. 3, 2019) (citing SSA's Admin Message 13066, Global Assessment of Function (GAF) Evidence in Disability Adjudication, issued July 22, 2013, revised October 14, 2014, and June 28, 2017 ("AM-13066 REV 2")).

**ACCORDINGLY**, it is

      **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is

<u>**GRANTED**</u>; and it is further

      **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

<u>**DENIED**</u>; and it is further

      **ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further

proceedings consistent with this Decision and Order**.**


Dated: February 10, 2021                          *J. Gregory Wehrman*
Rochester, New York                               HON. J. Gregory Wehrman
                                                  United States Magistrate Judge

14